IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHEVRON INTELLECTUAL PROPERTY LLC,    )
and CHEVRON U.S.A., INC.,    )
    )
    Plaintiffs,    )
    )
vs.    )    Civil Action No. 09-1602
    )
GOLDEN OIL COMPANY,    )
    )
    Defendant.    )

AMBROSE, District Judge

## OPINION
### and
### ORDER OF COURT

### SYNOPSIS

Defendant, Golden Oil Company, has filed a Motion to Dismiss the Amended Complaint filed by Plaintiffs, Chevron Intellectual Property, LLC and Chevron U.S.A., Inc., pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Docket No. 25).  Plaintiffs have filed a Brief in Opposition and Defendant has filed a Reply thereto.  (Docket Nos. 27 and 28).  As set forth more fully below, after careful consideration of the Motion and related filings, said Motion (Docket No. 25) is denied.

### OPINION

I.    **Background**

Defendant, once operated two licensed and authorized TEXACO - branded service stations. By June 30, 2006, Defendant was no longer selling or supplying authentic TEXACO products and was no longer an authorized licensee of the Texaco marks, owned by Chevron Intellectual Property LLC.  Chevron U.S.A. is the primary licensee of the same.    Plaintiffs allege that Defendant continued to use Texaco marks and trade dress through January 29, 2010.  As a result, Plaintiffs filed this action.  The Amended Complaint contains seven counts:

Count I -      Infringement of Federally Registered Trademarks, 15 U.S.C. §1114

Count II -     Infringement of Common Law Trademark Rights, 15 U.S.C. §1125(a)

Count III -    Infringement of Common Law Trademark Rights - Trade Dress, 15 U.S.C. §1125(a)

Count IV -     Trademark Dilution, 15 U.S.C. §1125(c)

Count V -      Trademark Counterfeiting, 15 U.S.C. §1114(1)(A)

Count VI -     Violation of Pennsylvania Trademark Act, 54 Pa. C.S. §1101, *et seq.*

Count VII -    Violation of Pennsylvania Common Law of Unfair Competition.

(Docket No. 22).  Defendant filed a Motion to Dismiss the Amended Complaint.  (Docket No. 25).

The briefing for the same is complete and the issues are now ripe for review.

## II.   Legal Discussion

### A.   Standard of Review

Defendant filed its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure.  When deciding whether to grant or deny a 12(b)(6) motion the Supreme Court has

held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 555 (2007) (cites and footnote omitted); *see also*,

*Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (a plaintiff's factual allegations

must be enough to raise a right to relief above the speculative level).

Most recently, in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court held, ". . . a

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 129 S.Ct. at1949 (citations omitted).

In *Iqbal,* the Court specifically highlighted the two principles which formed the basis of the *Twombly* decision: First, for the purposes of a motion to dismiss, courts must accept as true all factual allegations set forth in the complaint, but courts are not bound to accept as true any legal conclusions couched as factual allegations.   *Id.* at 1949-1950. *See also, Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d. Cir. Aug. 18, 2009).  Second, a complaint will only survive a motion to dismiss if it states a plausible claim for relief, which requires a court to engage in a context-specific task, drawing on the court's judicial experience and common sense. *Id.* at 1950.  Where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – the complainant is entitled to relief. *Id.,* citing, F.R.Civ.P. 8(a)(2).

### B.     *De Minimis* Argument

Defendant generically argues that the entire Amended Complaint, all seven counts,  should be dismissed, as a matter of law, because the alleged infringement is *de minimis.*  (Docket No. 26, pp. 3-4).  Defendant's argument is based on the assumption that the alleged infringement is not likely to cause confusion.  To prove trademark infringement/unfair competition under §43(a) of the Lanham Act, a plaintiff must show that:

> a.    The mark is valid and legally protectable;
> b.    The mark is owned by plaintiff; and
> c.    The use of the mark to identify goods or services is
>        likely to create confusion concerning the origin of the
>        goods or services.

15 U.S.C. §1125(a); *Opticians Assoc. of Am. v. Independent Opticians of Am.,* 920 F.2d 187, 192 (3d Cir. 1990); *A&H Sportswear, Inc. v. Victoria Secret Stores, Inc.,* 237 F.3d 198, 210 (3d Cir. 2000).  Where the use of the mark occurred with the plaintiff's permission, the plaintiff must additionally establish that the defendant's continued use of the mark was unauthorized.  *S&R Corp. v. Jiffy Lube Int'l, Inc.,* 968 F.2d 371, 375 (3d Cir. 1992).

A likelihood of confusion exists "when consumers viewing the mark would probably assume that the product or service it represents is associated with the source of a different product or service identified by a similar mark."  *Scott Paper Co. v. Scott's Liquid Gold, Inc.,* 589 F.2d 1225, 1229 (3d Cir. 1978). [1]  "There is a great likelihood of confusion when an infringer uses the exact trademark" as the plaintiff.  *Opticians,* 920 F.2d at 195.  Accepting the allegation of the Amended Complaint as true, as I must at this stage, both parties are using the exact same mark.  According to the Amended Complaint, "Texaco Marks" are registered and legally protected.  Based on the allegation of the Amended Complaint regarding the infringement by Defendant, I disagree with Defendant that the alleged infringement is *de minimis.* Consequently, a dismissal at this stage is not warranted.

### C.    Pleading Requirement

Again, Defendant argues generically that (all seven counts of) Plaintiffs' Amended

_____

[1]On the issue of likelihood of confusion, the Third Circuit has identified ten factors to be used in balancing whether the likelihood of confusion exists.  *See, Interpace Corp. v. Lapp, Inc.,* 721 F.2d 460, 463 (3d Cir. 1983) and *Scott Paper Co. v. Scott's Liquid Gold, Inc.,* 589 F.2d 1225, 1229 (3d Cir. 1978); *see also, A & H Sportswear v. Victoria Secret Stores, Inc.,* 237 F.3d 198 (3d Cir. 2000). The so-called ten *Scott Paper / Lapp* factors are as follows:

1. Strength of the owner's mark;
2. Similarity of the two marks;
3. Price of the goods and other factors indicative of the care and attention expected of consumers when making a purchase;
4. Length of time the defendant used its mark without evidence of actual confusion;
5. Defendant's intent in adopting the mark;
6. Evidence of actual confusion;
7. Whether the goods are marketed through the same channels of trade and advertised in the same media;
8. The extent to which the parties' sales targets are the same;
9. The relationship of the good in the minds of consumers because of the similarity of function; and
10. Other factors suggesting that the consuming public might expect the prior owner to manufacture a product in the defendant's market, or that he is likely to expand into that market.

*Lapp,* 721 F.2d at 463; *Scott Paper Co.,* 589 F.2d at 1229.  Neither party discusses the *Lapp* factors.

Complaint should be dismissed because it fails to make any allegation "connecting the alleged infringing marks to actual confusion in the marketplace."  (Docket No. 26, p. 4).  In opposition, Plaintiffs allege that actual confusion is not an element of a trademark infringement case.  (Docket No. 26, p. 6).  I agree.  *See,* 15 U.S.C. §1125(a); *Opticians Assoc. of Am. v. Independent Opticians of Am.,* 920 F.2d 187, 192 (3d Cir. 1990)(likelihood of confusion is the element); *A&H Sportswear, Inc. v. Victoria Secret Stores, Inc.,* 237 F.3d 198, 210 (3d Cir. 2000).  Therefore, Plaintiffs argue that actual confusion need not be alleged.  I agree with Plaintiffs that actual confusion need not be alleged.  Thus, dismissal is not warranted on this basis either.

  **D.** **Statute of Limitations**

   Finally, Defendant argues generically that (all seven counts of) Plaintiffs' Amended Complaint should be dismissed based on the affirmative defense of statute of limitations.  (Docket No. 26, pp. 6-7; Docket No. 28, pp. 1-2).  The Lanham Act does not contain a statute of limitations. *Island Insteel Systems, Inc. V. Waters,* 296 F.3d 200, 203-04 (3d Cir. 2002).  As a result, courts look to state statutes to determine the most appropriate statute of limitations. *Id.*  To that end, Defendant argues that a two-year statute of limitations applies.  (Docket No. 26, pp. 6-7; Docket No. 27, pp. 8-10).  I find this argument to be underdeveloped and premature.  Defendant does not state whether all seven counts of the Amended Complaint are subject to a two-year statute of limitations.  Defendant does no analysis or comparison to state law.  Additionally, I believe discovery is necessary to determine which statute of limitations is applicable to each count. Therefore, dismissal at this stage is not warranted.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHEVRON INTELLECTUAL PROPERTY LLC,      )
and CHEVRON U.S.A., INC.,               )
                                        )
        Plaintiffs,                     )
                                        )
    vs.                                 )        Civil Action No. 09-1602
                                        )
GOLDEN OIL COMPANY,                     )
                                        )
        Defendant.                      )

AMBROSE, District Judge

**<u>ORDER OF COURT</u>**

And now, this 27th day of May, 2010, upon consideration of Defendant's Motion to Dismiss

(Docket No. [25]) is denied.


                        BY THE COURT:


                        /s/ Donetta W. Ambrose
                        Donetta W. Ambrose
                        United States District Judge